SHIRLEY LASKER v. STATE

No. 28,331. May 23, 1956.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 13, 1956.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady, Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is theft from the person; the punishment, 7 years.

The prosecuting witness Idele Fletcher of Beaumont, while visiting her daughter in Houston, was a shopper in Foley Brothers Department Store on April 20, 1955. She purchased a shirt and in change received a ten dollar bill which she noticed had a small red circle stamped in the middle. She called the attention of her companion Mrs. Leo Wilder to the marked bill.

Shortly thereafter, as the prosecuting witness stepped off the escalator in the basement, someone bumped into her. Her purse fell open and her billfold was found to be missing. She stated to Mrs. Wilder "that Negro got my bill fold" and identified appellant as the person to whom she referred.

The matter was reported to detectives in the employ of Foley Brothers.

On the night of the same day the prosecuting witness identified appellant from a line up as the person who bumped into her and took her billfold so suddenly that she did not have time to resist. She also identified a ten dollar bill which one of the police officers had as that she had received in change and placed in her billfold. She testified that her purse in which she had placed the ten dollar bill was not opened until appellant bumped into her.

Mrs. Wilder also identified appellant as the person referred to by the prosecuting witness when she discovered that her billfold was missing.

The marked ten dollar bill was produced by appellant from

the neck of her dress after she had been taken to or requested to go to the office of Mr. Karrick, protection superintendent of Foley Brothers, by V. W. Green, an investigator in his department. The marked bill was offered in evidence and completed the state's evidence showing appellant's guilt.

The admission of the ten dollar bill and the evidence in regard to appellant's possession of it is the principal complaint on the appeal, it being the contention of appellant that such evidence was obtained as the result of an unlawful arrest by Mr. Green.

It was the testimony of the state's witnesses that appellant was not arrested until after she had produced and exhibited the marked bill; that she went to the office at the request of Mr. Green and not by compulsion and was in no way detained by the employees of the store. It was further testimony of the employees that they claimed no right to arrest; were not officers, and that appellant would not have been hindered had she decided to leave the office before the marked bill was produced.

The trial court, in the absence of the jury, heard the evidence of the store employees and of appellant on the fact issue of whether or not appellant was under arrest and held the evidence to be admissible.

Appellant exercised her right not to testify except before the court in the jury's absence, and no such issue was submitted to the jury and none requested.

We need not rest our decision on the findings of the court that appellant was not under arrest when she produced the stolen bill.

Mr. Green testified that he observed appellant in the store on the day in question and saw her open the purse hanging on the arm of another customer in the store that day; that after reporting such incident to his superior Mr. Karrick and receiving the report of Mrs. Fletcher's loss, he approached appellant and requested that she accompany him to the office where she produced the marked bill.

Assuming that this constituted an arrest of appellant by Mr. Green, then such arrest would appear to be one authorized under Art. 325 V.A.C.C.P. which gives all persons the right to arrest to prevent the consequences of theft.

We overrule the contention that the circumstances mentioned amounted to no more than a mere suspicion on the part of Mr. Green that appellant was in possession of stolen property at the time.

The judgment is affirmed.