Lonnie Quincy PRIOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 140–82.

Court of Criminal Appeals of Texas,
En Banc.

April 6, 1983.

Anthony P. Griffin, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty. and James V. Hewitt, Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of indecency with a child. V.T.C.A., Penal Code,

§ 21.11. After a jury found appellant guilty of the primary offense, the punishment, enhanced by allegation and proof of two prior felony convictions,[1] was assessed by the court at life imprisonment. See V.T.C.A., Penal Code, § 12.42(d).

On appeal the sole ground of error urges that the trial court reversibly erred in admitting, over timely objection, two extraneous offenses during the State's case-in-chief. The 14th Court of Appeals (Houston) affirmed the conviction, finding that the extraneous offenses were properly admitted. *Prior v. State,* 628 S.W.2d 177 (Tex. App.1982). We have granted the petition for discretionary review to consider that decision.

V.T.C.A., Penal Code, § 21.11 (1974) (Indecency with a child), provides in part:

"(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

"(1) engages in sexual contact with the child; or

"(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

"(b) * * *."

The indictment, omitting the formal parts and enhancement paragraphs, alleged that the appellant in Galveston County on or about October 5, 1979,

"did then and there with intent to arouse and gratify the sexual desire of the said Lonnie Quincy Prior expose to M____ G____, a female child not his spouse younger than 17 years of age, the genitals of the said Lonnie Quincy Prior, the said Lonnie Quincy Prior then and there knowing that the said M____ G____ was present . . . ."

The facts become important in determining the admissibility of the extraneous of-

fenses. This is known as the flasher at Weiner's case. On October 5, 1979, M____ G____, 16 years old,[2] went to Weiner's department store in Galveston to seek employment. At the front entrance to the store she stopped to brush her hair. While brushing she turned her head and observed appellant sitting in an automobile parked in front of Weiner's. Appellant was looking at her and their eyes met. At this point M____ G____ related that appellant "lifted up his bottom" from the car seat and exposed his penis, which appeared to be erect and "was moving it back and forth" with his hand. The prosecutrix was only five to eight feet from the appellant, and there were no obstacles blocking her view. She related the appellant's actions were directed to her. When asked on cross-examination by the appellant personally what indication she had of that fact, she replied:

"You were looking straight at me and you were sitting up in the car and you had your penis out."

She clearly identified the appellant and was positive it was a penis he was exposing and not a banana or a cigar.

M____ G____ immediately went into the store and informed one of the salespersons a man was exposing himself in the parking lot. The manager was called and then the police. M____ G____ then observed the appellant enter Weiner's.

N____ R____, an employee of Weiner's, testified that on October 5, 1979, she observed M____ G____ in the store and noticed she was upset. She overheard a conversation about some event that had occurred outside the store. N____ R____ returned to her department, and as she did, she observed a man standing with his back to her near a woman customer. She noticed that he appeared to be dancing. When he turned around, his pants were unzipped and he was holding his erect penis

1. The prior convictions alleged were a 1966 conviction for burglary and a 1971 conviction for sodomy.

2. The prosecutrix was shown to have been born on September 11, 1963.

in his hand, masturbating. He looked at N____ R____ and smiled. She identified him as the appellant. N____ R____ stated the appellant zipped up his pants and walked near her counter saying "hello" to her, four times.

N____ R____ then went to a door of the store, and seeing a police vehicle, she sought the attention of the officer. When she pointed to appellant, who had then left the store, he ran. The officer pursued him into another store, but appellant eluded him, only to be apprehended by another officer in the parking lot.

Despite the testimony above the State offered, over proper and timely objections, testimony that after the alleged offense on November 13, 1979, appellant exposed his penis to 18-year-old C____ T____ at a Galveston washateria, and on November 28, 1979, had also exposed himself to a 26-year-old woman at a Texas City washateria.

Appellant did not testify nor offer any defense. He did call his mother, who related she had gone with him to see several doctors about his "nervousness."

The court in its charge gave a limiting instruction on the extraneous offenses, limiting their use to determine intent or knowledge of the appellant.

This court has consistently held that an accused is entitled to be tried on the accusation made in the State's pleading and that he should not be tried for some collateral crime or for being a criminal generally. *Young v. State,* 159 Tex.Cr.R. 164, 261 S.W.2d 836 (Tex.Cr.App.1953); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972), and cases there cited. See also *Ruiz v. State,* 579 S.W.2d 206 (Tex.Cr.App.1979); *Murphy v. State,* 587 S.W.2d 718 (Tex.Cr.App.1979); *Sanders v. State,* 604 S.W.2d 108 (Tex.Cr. App.1980). In *Elkins v. State,* 647 S.W.2d 663 (Tex.Cr.App.1983), this court wrote:

"In a criminal proceeding, when the State seeks admission of an extraneous or similar transaction committed by the ac-

cused which constitutes a separate criminal offense, introduction of that 'extraneous offense' transaction is inherently prejudicial, since the accused has no notice he will be called to defend against it, and his 'propensity to commit crimes' is not material to whether he is guilty of the specified conduct which is charged by the State. *Bates v. State,* 643 S.W.2d [939] 944 (Tex.Cr.App.1982); *Rubio v. State,* 607 S.W.2d 498 (Tex.Cr.App.1980); *Sanders,* supra; *Murphy,* supra, and cases cited there.

"Evidence of other crimes committed by the accused may be admitted, however, where such evidence is shown to be both material and relevant to a *contested* issue in the case." *Albrecht,* supra, at p. 100. (Emphasis supplied.) See also *Rubio v. State,* 607 S.W.2d 498, 506 (Tex.Cr. App.1980).

In *Ruiz v. State,* supra, at p. 209, it was written:

"As stated in *Albrecht v. State,* Tex.Cr. App., 486 S.W.2d 97, the first order of inquiry in determining whether any evidence is admissible is a comparison of the probative value and the prejudicial or inflammatory aspects of the evidence, if any. In determining the admissibility of extraneous offenses, the court must look to the 'evidence which the State has to offer in proof of the essential elements of its case.' *Id.* at 101. When the element the State bears the burden of proof on can 'be inferred from the act itself' (*Id.* at 101), the State may not use extraneous offenses as circumstantial evidence of that element in its case in chief."

In *Jones v. State,* 481 S.W.2d 900 (Tex.Cr. App.1972), this court held that reversible error was committed in allowing the State to prove the accused had committed an extraneous armed robbery where:

". . . the intent [to commit the offense of robbery by assault for which accused was on trial] was established by appellant's brandishing a pistol and committing the robbery, and identity was posi-

tively established by four eye witnesses. Such testimony was undisputed."

In *Albrecht*, supra, at p. 101, this court wrote:

"In *Jones*, we concluded that, even though the state had the burden of proving guilty intent and identity, the state could not permissibly use extraneous offenses as circumstantial evidence on these issues where the state had uncontroverted direct evidence on the issue of identity and guilty intent could be inferred from the act itself. In that type of situation, the prejudicial effect of the evidence far outweighs its relevance to any issue in the case; and the evidence of the extraneous offense serves only to establish the accused's bad character. See also, *Ball v. State,* 118 Tex.Cr.R. 579, 39 S.W.2d 619; *Windham v. State,* 59 Tex.Cr.R. 366, 128 S.W. 1130; *Harris v. State,* 55 Tex.Cr.R. 469, 117 S.W. 839."

In the instant case all the elements of the offense charged were clearly proven and were undisputed prior to the introduction of the objected to extraneous offenses occurring in November, 1979, after the alleged offense. There was no defense offered, and the testimony was not undermined by defense cross-examination. Cf. *Walker v. State,* 588 S.W.2d 920 (Tex.Cr.App.1979). See also *Caldwell v. State,* 477 S.W.2d 877, 879 (Tex.Cr.App.1972); *Rogers v. State,* 484 S.W.2d 708 (Tex.Cr.App.1972); *Redd v. State,* 522 S.W.2d 890 (Tex.Cr.App.1975).

The trial court erred in permitting over objection the introduction of the November, 1979 extraneous offenses.

The Court of Appeals stated the extraneous offenses were admissible under an exception to the general rule prohibiting the admission of extraneous offenses set forth in *Albrecht,* supra. "[T]o prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself. 486 S.W.2d at 100." The Court of Appeals held the said extraneous offenses were admissi-

ble to prove the alleged "intent to arouse and gratify the sexual desire of the said Lonnie Quincy Prior" and to eliminate any possibility in the jurors' minds that the exposure was in any way accidental. We cannot agree.

There was no claim that the exposure was accidental. The evidence showed that the appellant had "lifted up his bottom" from the car seat, had his penis in his hand and was moving it back and forth looking straight at the 16-year-old prosecutrix. Appellant was aware of her presence. He then followed her into the store where shortly thereafter he was again exposing himself to another woman. He fled when he was pointed out to a policeman. The intent could clearly be inferred from the evidence above without the necessity of the use of extraneous offenses. See *Turner v. State,* 600 S.W.2d 927, 929–931 (Tex.Cr.App. 1980), which is in point right down to the smile.

The Court of Appeals further held that if the exception to the general rule mentioned was not applicable that the error in admission of the extraneous offense was harmless in view of appellant's admission that he committed the offense. The appellant did not testify, and while the court permitted hybrid representation and appellant interrogated witnesses and made a jury argument, we have not found in the record an admission by the appellant of the offense.

■ The question remains whether the error in admission of the complained testimony constitutes reversible error which is an ad hoc determination in each case. *Ruiz v. State,* supra.

■ A judgment will not be reversed for the erroneous admission of evidence that did not injure the defendant; the question is whether there is a reasonable probability that the evidence complained of might have contributed to the conviction. *Esquivel v. State,* 595 S.W.2d 516, 529 (Tex.Cr.App. 1980).

■ In the instant case the evidence of guilt was overwhelming, even without the

extraneous offenses. The appellant elected to have the court assess punishment. There was proof of the two prior felony convictions alleged.[3] After the court found such allegations true, the imposition of punishment was fixed by law at life imprisonment. V.T.C.A., Penal Code, § 12.42(d).

We therefore conclude that the erroneous admission of the extraneous offenses did not contribute to the finding of guilty or to the punishment assessed and was therefore harmless. The Court of Appeals reached the right result but for the wrong reasons.

The judgment of the Court of Appeals is affirmed.

TEAGUE, J., dissents.

---

**3.** There were three other felony convictions [burglary, breaking and entering a motor vehicle, and burglary of a private residence] which were proved at the penalty stage of the trial although not alleged. See Article 37.07, V.A.C. C.P.