Donald **DOUGLAS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–84–113–CR.

Court of Appeals of Texas, Waco.

Aug. 29, 1985.

---

David W. Anderson, Marlin, for appellant.

Thomas B. Sehon, Marlin, for appellee.

## OPINION

THOMAS, Justice.

The jury convicted Appellant of burglary of a habitation and assessed his punishment at thirty years in prison. He contends on appeal that the court erred when it refused to suppress incriminating oral statements and evidence which he alleged had been illegally seized. He also claims that the court erred when it refused to grant a mistrial after the District Clerk had erroneously informed the jury panel that he was being tried under three cause numbers rather than one. We affirm.

Melvin Judie, who resided at 306 Soders Street in Marlin, returned home and discovered that someone had burglarized his house and stolen some of his property. He immediately notified the police department, and Sergeant Humphrey was dispatched to the scene. Humphrey told Judie that he thought he knew who had committed the burglary and that the suspect lived in a vacant house on Soders Street. Acting on Humphrey's hunch and without his knowledge, Judie immediately conducted his own search of vacant houses on Soders Street. After searching two vacant houses, Judie entered the vacant house at 413 Soders where he discovered Appellant and the stolen property. When Judie accused him of having committed the offense, Appellant made several incriminating statements. Judie placed some of the stolen property in his car, told Appellant to get into the car and then drove Appellant around Marlin until they located Sergeant Humphrey. Judie explained to Humphrey that he had found Appellant in the vacant house with the stolen property, and Humphrey followed Judie and Appellant back to 413 Soders Street. Humphrey gave Appellant a *Miranda* warning and then entered the house where he discovered and seized other property which had been stolen in the burglary. At trial, Appellant tried unsuccessfully to suppress the stolen property and incriminating statements as evidence.

In his first ground of error, Appellant contends that the court erred when it denied his motion to suppress and admitted the stolen property as evidence of his guilt. He argues that Judie's "citizen's arrest" was illegal, and therefore all evidence seized in connection with his arrest was inadmissible under article 38.23 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim.Proc.Ann. art. 38.23 (Vernon 1979). However, the State claims that Appellant was legally arrested by Judie under article 18.16 of the Code of Criminal Procedure and that the court therefore properly denied the motion to suppress. The State also argues that Appellant could not question the legality of Judie's warrantless entry of the premises or the warrantless search and seizure of the stolen property because Appellant was a trespasser at 413 Soders Street. Ground one must be overruled.

Article 18.16 provides:

All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose

the property to be stolen, and the seizure must be openly made and the proceedings had without delay.

Tex.Code Crim.Proc.Ann. art. 18.16 (Vernon 1977).

This article authorizes a private citizen to make a warrantless arrest of a thief where the stolen property is found in the thief's possession. *See Lasker v. State,* 163 Tex. Cr.R. 337, 290 S.W.2d 901 (1956); *Morris v. Kasling,* 79 Tex. 141, 15 S.W. 226 (1890). The legality of an arrest and a seizure under this article depends upon whether the party making the arrest and seizure had a "reasonable ground" or "probable cause" to believe that the property seized had been stolen and that the party arrested was the thief who had stolen the property. *Adams v. State,* 137 Tex.Cr.R. 43, 128 S.W.2d 41 (1939). The evidence was sufficient for the court to have found that Judie had a reasonable ground and probable cause to believe that the property that he seized had been stolen, as it was Judie's property, and that Appellant was the thief, especially after Appellant had told Judie that he had stolen the property. *See id.* Furthermore, Judie complied with article 18.16 by immediately delivering the seized property and Appellant into Humphrey's custody. That Judie did not have permission or authority to enter the vacant house at 413 Soders would not, in our opinion, preclude or invalidate his action under article 18.16. Thus, Appellant's warrantless arrest was lawful.

■ Because Appellant's warrantless arrest was lawful, Judie was authorized to conduct a contemporaneous search of Appellant's person and of the area within Appellant's immediate control. *See Gauldin v. State,* 683 S.W.2d 411, 414 (Tex.Cr.App. 1984). The evidence established that the duffle bag containing the stolen property was in plain view in the room where Appellant was discovered. Therefore, the stolen property was lawfully seized. *See Jones v. State,* 565 S.W.2d 934 (Tex.Cr.App.1978). Because the property was seized incident to a lawful arrest, the court did not err when it refused to suppress the stolen property

as evidence. In any event, Appellant cannot complain of Judie's warrantless entry of the premises or his warrantless search and seizure of the stolen property because the evidence showed that Appellant was a trespasser on the premises where the search and seizure occurred. As a trespasser, Appellant had no "reasonable expectation of privacy" in the premises. *See Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Lewis v. State,* 598 S.W.2d 280, 283 (Tex.Cr.App.1980). For the above reasons, Appellant's first ground of error is overruled.

Judie testified that when Appellant was accused he initially denied that he had committed the burglary. However, Judie stated that Appellant then told him that "he didn't know it was my house, that if he had knowed it was my house, he wouldn't have gone in there." Appellant tried to suppress these incriminating statements, but the court denied the motion to suppress. In his second ground, Appellant contends that the court erred in this regard. Ground two must also be overruled.

■ The court could have reasonably concluded that Appellant's incriminating statements had been made voluntarily to Judie prior to Appellant having been placed under citizen's arrest. Therefore, the incriminating statements were properly admitted into evidence as a voluntary admission under section 5 of article 38.22 of the Code of Criminal Procedure. *See Atkins v. State,* 423 S.W.2d 579 (Tex.Cr.App.1968); Tex.Code Crim.Proc.Ann. art. 38.22, § 5 (Vernon 1979). Accordingly, ground two is also overruled.

The District Clerk administered the following oath to the jurors who heard Appellant's case: "You and each of you do solemnly swear that in [the cause of] the State of Texas vs. Donald Douglas, Cause Nos. 5252, 5253, and 5254 you will a true verdict render according to the law and the evidence, so help you God." Appellant moved for a mistrial on the ground that the District Clerk had informed the jurors that he was charged with extraneous criminal offenses in at least two other indictments,

but the court denied the motion for a mistrial. In the third ground, Appellant contends that the court erred when it refused to grant him a mistrial. He argues that he was entitled to a mistrial because evidence of extraneous offenses, which was given to the jury in the oath, prejudiced his rights. This ground must also be overruled.

A fundamental principle of criminal law is that a defendant is entitled to be tried on the offense alleged in the indictment and not for some collateral offense or for being a criminal generally. *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Cr.App. 1972). However, just because some collateral offense is improperly admitted into evidence does not guarantee the accused a reversal. *See Prior v. State*, 647 S.W.2d 956, 959 (Tex.Cr.App.1983). A judgment will not be reversed for the erroneous admission of evidence, even of extraneous offenses, where the error did not injure the defendant. *Id.* at 959. In such a situation, the important inquiry is whether there is a reasonable probability that the improperly admitted evidence might have contributed to the conviction, which is an *ad hoc* decision in each case. *Id.* at 959. Here, the evidence of Appellant's guilt was overwhelming. The stolen property was found in his possession shortly after the burglary, and he admitted his guilt to Judie. Additionally, the State's evidence was not contradicted or impeached. In the face of the overwhelming evidence of his guilt, we conclude that the mere mentioning of three cause numbers in the jury's oath, the significance of which was never emphasized or explained to the jury, did not contribute to Appellant's conviction or punishment. *See id.* Therefore, ground three is overruled, and the judgment is affirmed.