Michael RAIFORD a/n/f Kristen Raiford, Cheryl Soria a/n/f Jessica Soria, Nasser Namazi a/n/f Kamelia Namazi, Appellants,

v.

THE MAY DEPARTMENT STORES COMPANY d/b/a Foley's and Gloria Lopez a/k/a Gloria Terronez, Appellees.

No. 14–98–00235–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 1999.

Anthony Ray Segura, I. Nelson Heggen, Houston, for appellants.

Bradley M. Bingham, Houston, for appellees.

Panel consists of Justices YATES, MAURICE E. AMIDEI, and FOWLER.

## OPINION ON MOTION FOR REHEARING

MAURICE E. AMIDEI, Justice.

Appellants' motion for rehearing is granted. We withdraw our prior opinion dated December 17, 1998, and substitute the following in its place.

Appellants appeal from a take nothing judgment based on the jury's findings of no liability on the part of appellees and no damages. In their first nine points of error, appellants contend the trial court erred in instructing the jury in its first ten questions as to appellees' right to search appellants after detaining them pursuant to section 124.001, Texas Civil Practice and Remedies Code, because the instructions were a misstatement of the applicable law and an improper comment on the weight of the evidence. In points of error ten and eleven, appellants contend the trial court erred in instructing the jury in questions one and one-A on the requisites of finding criminal responsibility for the conduct of another because such instructions did not assist the jury, and constituted an improper comment on the weight of the evidence. We affirm.

On April 4, 1996, appellants entered the Foley's store at West Oaks Mall, and walked directly to the handbag section and selected several purses. Gloria Lopez, a Foley's loss prevention officer, observed the group come in and was suspicious because they were dressed in baggy clothes and kept looking around. She had been instructed to be on the lookout for teenagers dressed in this manner and acting suspiciously. Ms. Lopez was dressed in street clothing and was not carrying a gun. Jessica Soria (Soria) and a male friend left the mall after looking at the purses. Kristen Raiford (Raiford) and Kamelia Namazi

(Namazi) then gathered clothing from other displays, placed it over the purses taken from the purse display, and went to a fitting room. Ms. Lopez observed Raiford and Namazi through louvers in the door which had been installed specifically for loss prevention purposes. There were warning signs on the entrances to the fitting rooms indicating loss prevention personnel might be observing persons in these rooms. Ms. Lopez saw Raiford and Namazi take the paper stuffing out of the handbags, then leave the dressing room and rejoin Soria and her male friend. Raiford, Namazi, and Soria then selected merchandise and went to another fitting room. Ms. Lopez observed the three girls then remove the remaining stuffing from the purses, and put their own personal items in the bags. The three girls then left the store, with Raiford and Namazi carrying the stolen purses. Ms. Lopez and other security personnel stopped the group as they exited the store and escorted them to Foley's loss prevention office. Ms Lopez then made a "pat-down" search of each of the girls for weapons, drugs, or additional merchandise. During the pat-down search of Raiford, Ms. Lopez noticed that the girl had on two bras, so she lifted Raiford's blouse in the back to view the labels in order to determine if the girl had on Foley's property. While patting down Namazi, Ms. Lopez felt a bulge and asked Namazi to unbutton her pants to determine the source of the bulge. When Namazi unbuttoned her pants, however, they accidentally fell to the floor. Ms. Lopez also asked Soria to unbutton her pants because of a suspicious bulge. Soria then became hostile and began moving around, and Ms. Lopez accidentally grabbed a portion of Soria's underwear. The girls then made written statements. Namazi and Raiford stated they stole the purses. Soria said she did not steal anything but she knew the other two did take something, and that she was sorry.

In their lawsuits, the girls contend the searches were "strip searches" and were not reasonable, and the actions of Ms. Lopez constituted false imprisonment, invasion of privacy, assault, and intentional infliction of emotional distress.

In questions two through ten, the court submitted an instruction on the "shopkeeper's privilege" as provided in section 124.001, Texas Civil Practice and Remedies Code, which provides:

> A person who reasonably believes that another has stolen or is attempting to steal property is privileged to detain that person in a reasonable manner and for a reasonable time to investigate ownership of the property.

TEX. CIV. PRAC. & REM.CODE ANN. § 124.001 (Vernon 1997 & Supp.1998).

As an additional instruction to questions two, five, and eight, the court instructed:

> You are further instructed that this right to detain extends to a right to conduct a contemporaneous search of the person and the objects within that person's control.

Added to questions three, four, six, seven, nine, and ten, was:

> This right to detain extends to a right to conduct a contemporaneous search of the person and the objects within that person's control.

Appellants argue that the right to detain under section 124.001 does not include the right to search the body of the person. Appellants contend that the "contemporaneous search of the person" is limited to only instances in which a search of the body is reasonably necessary to investigate ownership of property believed stolen. Furthermore, appellants contend that any right to search terminates once ownership of the property is determined. Appellants argue that the instruction was an improper comment on the weight of the evidence which instructed the jury that the right to search was absolute and to forego consideration of the reasonableness and purpose of any search. Appellants cite no authority to support this argument, and contend on appeal that they have been unable to

find any statutory authority or Texas cases to support the trial court's instruction.

At the charge conference, appellants' *only* objections to the trial court's instructions were that the right to conduct a contemporaneous search "is not in the shopkeeper's privilege and we think it is inappropriate," and "it's an inaccurate statement of the law." Appellants made *no objection* that such instruction was an improper comment on the weight of the evidence.

Rule 274, Texas Rules of Civil Procedure, provides:

> A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections. When the complaining party's objection, or requested question, definition, or instruction is, in the opinion of the appellate court, obscured or concealed by voluminous unfounded objections, minute differentiations or numerous unnecessary requests, such objection or request shall be untenable. No objection to one part of the charge may be adopted and applied to any other part of the charge by reference only.

For the purposes of this appeal, we assume *arguendo* that appellants' objections adequately explained the grounds of their objections.

■ Appellants contend the "contemporaneous search" instruction was not "proper" and misstates the law. We review the trial court's decision to submit an explanatory instruction or definition with the abuse of discretion standard. *See Plainsman Trading Co. v. Crews,* 898 S.W.2d 786, 791 (Tex.1995); *Munoz v. Berne Group, In.,* 919 S.W.2d 470, 471–72 (Tex.App.-San Antonio 1996, no writ). Trial courts possess considerably more discretion in submitting instructions and definitions than they have in submitting

questions. *Munoz,* 919 S.W.2d at 471; *Harris v. Harris,* 765 S.W.2d 798, 801 (Tex.App.-Houston[14th Dist.] 1989, writ denied).

■ However, where the trial court actually provided the jury with a definition, the inquiry on appeal is whether the definition is "proper." *See Oadra v. Stegall,* 871 S.W.2d 882, 889–90 (Tex.app.-Houston[14th Dist.] 1994, no writ); *M.N. Dannenbaum, Inc. v. Brummerhop,* 840 S.W.2d 624, 631 (Tex.App.-Houston[14th Dist.] 1992, writ denied). This review is *de novo. See Oadra,* 871 S.W.2d at 890 (reviewing definition of "gift"); *Harris,* 765 S.W.2d at 801 (reviewing definition of "marital property"); *Bennett v. Bailey,* 597 S.W.2d 532, 533 (Tex.Civ.App.-Eastland 1980, writ ref'd n.r.e.) (reviewing definition of "unconscionable.").

■ If we determine the trial court gave an improper definition, we then proceed to inquire whether the error was harmless. Tex.R.App. P. 44.1(a)(1); *Brummerhop,* 840 S.W.2d at 631. To decide whether any error is reversible, we review the pleadings of the parties, the evidence, and the entire charge in determining whether the error amounted to such a denial of rights of the complaining party that it probably caused the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1); *Oadra,* 871 S.W.2d at 890. *See also Allen v. Allen,* 966 S.W.2d 658, 659–60 (Tex.App.-San Antonio 1998, pet. denied).

In this case, appellees pleaded the affirmative defense of the "shopkeeper's privilege" under section 124.001, Texas Civil Practice and Remedies Code, and the affirmative defense authorizing citizen's arrest under article 18.16, Texas Code of Criminal Procedure. Article 18.16 provides:

> All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that

purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay.

TEX.CODE CRIM. PROC. ANN. art. 18.16 (Vernon 1977 & Supp.1999).

■ The evidence in this case clearly raised the applicability of article 18.16, when Lopez twice observed appellants in a dressing room removing the stuffing from purses and putting their own personal things in the purses. Appellants then attempted to leave the store without paying for the purses. Lopez stopped the appellants and searched them. Thereafter, appellants were turned over to the police and charged with shoplifting. Under these circumstances, Lopez had probable cause to arrest appellants, and make a "contemporaneous search" of the appellants and the objects within appellants' control. *See Stewart v. State*, 611 S.W.2d 434, 435–36(Tex.Crim.App.1981); *Douglas v. State*, 695 S.W.2d 817, 820 (Tex.App.-Waco 1985, pet. ref'd)(private citizen had authority to arrest a thief where the stolen property was found in the thief's possession; because warrantless arrest was lawful, private citizen was authorized to conduct a "contemporaneous search" of appellant's person and of the area within appellant's control). A party is entitled to a jury question, instruction, or definition if the issue is raised by the pleadings and the evidence. TEX.R. CIV. P. 278; *Cianfichi v. White House Motor Hotel*, 921 S.W.2d 441, 443 (Tex.App.-Houston[1st Dist.]1996, writ denied). The trial court must submit requested questions to the jury if the pleadings and any evidence support them. *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992); *Cianfichi*, 921 S.W.2d at 443. Appellees' pleadings raised the affirmative defenses of shopkeeper's privilege and the privilege to search appellants suspected of theft and deliver them to a peace officer under article 18.16. The trial court did not misstate the law and the definition was proper.

■ In their subpoints of error in points one through nine, appellants further contend the "contemporaneous search" instructions were a comment on the weight of the evidence. As indicated above, appellants made no objections at the charge conference to these instructions on the grounds they were a "comment on the weight of the evidence." *See Castleberry v. Branscum*, 721 S.W.2d 270, 276–77 (Tex. 1986) "The purpose of Rule 274 is to afford trial courts an opportunity to correct errors in the charge, by requiring objections both to clearly designate the error and to explain the grounds for complaint." *Id.* "An objection that does not meet both requirements is properly overruled and does not preserve error on appeal." *Id.* Assuming *arguendo* appellants have not waived error by not properly objecting, we find no merit to their complaint that the trial court added language to the shopkeeper's privilege by further instructing the jury that the right to detain extends to the right to conduct a "contemporaneous search."

Rule 277, Texas Rules of Civil Procedure, provides in pertinent part:

> The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence or advised the jury of the effect of their answers when it is properly a part of an instruction or definition.

TEX.R. CIV. P. 277.

As we have stated in this opinion, the appellees' pleadings and the evidence raised their affirmative defenses of the shopkeeper's privilege and the right to search under the citizen's arrest statute, article 18.16, Texas Code of Criminal Procedure. The definition given by the trial court was:

> You are further instructed that this right to detain extends to a right to

conduct a contemporaneous search of the person and the objects within that person's control.

This definition was substantially identical to the statement of law construing article 18.16 given in *Douglas*, 695 S.W.2d at 820, to wit: "Because Appellant's warrantless arrest was lawful, Judie *was authorized to conduct a contemporaneous search* of Appellant's *person and of the area within Appellant's immediate control* (emphasis added)" *Id.* The definition of the shopkeeper's privilege in the court's jury charge is identical to PJC 6.3, COMM.ON TEXAS PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES—GENERAL NEGLIGENCE & INTENTIONAL PERSONAL TORTS (1998). Added to this definition was the right to search given private persons under article 18.16. We have found that the instruction was not a misstatement of the law and was "proper." We have found that appellees were entitled to the instruction because they pleaded these affirmative defenses and the defenses were raised by the evidence. Although the instruction might incidentally comment on the evidence, a court's charge is not objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence when it is properly a part of an instruction or definition. TEX.R. CIV. P. 277; *Plainsman Trading Co.*, 898 S.W.2d at 791. It is likewise not the kind of surplus instruction in a standardized charge which is calculated to nudge the jury in favor of one party. *Id.* We find the "contemporaneous search" instruction was properly a part of the instructions and was not objectionable as a comment on the weight of the evidence requiring a reversal of the trial court's judgment. We overrule appellants' points of error one, two, three, four, five, six, seven, eight, and nine.

■ In points of error ten and eleven, appellants contend the trial court's instructions in questions one and one-A, on the requisites of criminal responsibility for an offense committed by the conduct of another, did not assist the jury and were a comment on the weight of the evidence. At the charge conference, appellants objected to the instruction of criminal responsibility for an offense committed by the conduct of another by stating: "It is unnecessary and does not assist the jury." Appellants also submitted an objection as follows:

> I also object specifically, Your Honor, to No. 2 in the criminally responsible for events committed by the conduct of another because it imposes a legal duty to prevent the commission of an offense which duty has not been proved or established in this case.

The trial court's instruction for questions one and one-A was:

> You are further instructed that a person is criminally responsible for an offense committed by the conduct of another if:
>
> 1. Acting with intent to promote or assist the commission of the offense, she solicits, encourages, directs, aids or attempts to aid the other person to commit the offense; or,
>
> 2. Having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, she fails to make a reasonable effort to prevent commission of the offense.

On appeal, appellants argue that this instruction was a comment on the weight of the evidence "which nudged the jury to conclude that because Soria was apparently criminally responsible for the conduct of Raiford and Namazi, the detention of Soria was privileged and no false imprisonment occurred." However, at the charge conference appellants made no such objection that the instruction was a comment on the weight of the evidence. Again, appellants failed to explain to the court why the instruction was unnecessary and did not assist the jury. *Castleberry*, 721 S.W.2d at 276–77. For purposes of this appeal, we assume *arguendo* appellants have not waived error by not properly objecting.

Appellants complain that the trial court's instructions on the law of parties in questions one and one-A, as to appellant Soria, was unnecessary and did not assist the jury. Appellants argue that the evidence concerning Soria's involvement in the theft was sharply contested. At trial, Soria testified she had nothing to do with the theft by the other two girls. All three of the girls testified that Soria had no involvement in the theft. However, Lopez testified she observed Soria and the other girls take purses off the merchandise display racks, and put other clothing and merchandise over the purses to conceal them. Soria and the other girls went into a fitting room, and Lopez observed all three girls putting items from their own makeup kits into the purses. Lopez observed Soria put her makeup kit into the purse Raiford had taken. Then they all left the store and were arrested by Lopez.

Appellees pleaded legal justification for arresting and searching Soria, contending that they were justified in stopping and searching her because they had probable cause to arrest her. Although Soria contended she had no part of the thefts, she was observed helping the other two girls in the fitting room fill the stolen purses with their own personal items. Because Soria contested her criminal responsibility, appellees were entitled to an instruction on the law of parties which would assist the jury by legally defining when a person is criminally responsible for the acts of others.

▉▉▉ The trial court is charged with submitting such definitions and instructions as shall be proper to enable the jury to render a verdict. TEX.R. CIV. P. 277; *European Crossroads' v. Criswell,* 910 S.W.2d 45, 53 (Tex.App.-Dallas 1995, writ denied). Those instructions and definitions should be submitted only if they are of some aid or assistance to the jury in answering the submitted issues. *Sappington v. Younger Transp., Inc.,* 758 S.W.2d 866, 867–868 (Tex.App.-Corpus Christi 1988, writ denied) (instruction on sole proximate cause). Unnecessary instructions should not be given, even if they are correct statements of law. *Acord v. General Motors Corp.,* 669 S.W.2d 111, 116 (Tex.1984); *Hukill v. H.E.B. Food Stores, Inc.,* 756 S.W.2d 840, 844 (Tex.App.-Corpus Christi 1988, no writ); *see Lemos v. Montez,* 680 S.W.2d 798, 801 (Tex.1984).

▉▉▉ In a false imprisonment case, if the alleged detention was performed with the authority of law, then no false imprisonment occurred. *Wal–Mart Stores, Inc. v. Resendez,* 962 S.W.2d 539, 540 (Tex.1998). To prove false imprisonment, appellants must prove: (1) willful detention; (2) without consent; and (3) without authority of law. *Sears, Roebuck & Co. v. Castillo,* 693 S.W.2d 374, 375 (Tex.1985). The plaintiff must prove the absence of authority in order to establish the third element of a false imprisonment cause of action. *Id.* To rebut Soria's contention that appellees were acting "without authority of law," appellees were entitled to have their legal justification defense presented to the jury. To prove Soria was lawfully arrested required proof by appellees that she was criminally responsible for her part in the theft. Therefore, a jury instruction on criminal responsibility would be necessary to assist the jury in determining whether or not Soria's actions would make her criminally responsible under the law. The instructions given were identical to the statutory provisions of section 7.02(a)(2) and (3), Texas Penal Code, and were not a misstatement of the law. We find the criminal responsibility instruction in questions one and one-A were necessary and aided the jury. We overrule appellants' subpoint of error under points ten and eleven that the criminal responsibility instruction was unnecessary and did not aid the jury.

Appellants also contend the criminal responsibility instruction was a comment on the weight of the evidence. We have found that the instruction was "proper" and aided the jury, and appellees were entitled to such an instruction. The in-

struction tracked the statutory definitions under section 7.02(a)(2) and (3), Texas Penal Code, and only incidentally commented on the weight of the evidence. We find the criminal responsibility instruction was properly a part of the instruction, and it was not a comment on the weight of the evidence requiring a reversal of the trial court's judgment. We overrule points of error ten and eleven, and affirm the judgment of the trial court.