

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00350-CR

John David **SAMARRIPAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR9678
Honorable Sid L. Harle, Judge Presiding

Opinion by:      Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  April 30, 2014

AFFIRMED

A jury found appellant, John David Samarripas, guilty of aggravated assault with a deadly weapon and assessed punishment at thirty-five years' confinement.  On appeal, appellant asserts trial counsel rendered ineffective assistance by (1) eliciting testimony about extraneous offenses, and (2) failing to object to a jury instruction on extraneous offenses.  We affirm.

### BACKGROUND

Elena Flores and her husband Abelardo Farias have known appellant, who is from their neighborhood, for more than ten years.  On June 28, 2012, Elena and Abelardo held a barbeque at

their home, which they shared with Abelardo's brother, Luciano. A few other people were also present, socializing and drinking beer while Luciano prepared the food. At some point, appellant arrived and joined the group. Witnesses testified appellant had a gun with him, but put the gun behind the front door of Elena and Abelardo's house when appellant left for about forty-five minutes. When appellant returned, he asked Abelardo for the gun, but the gun was not "where it was supposed to be." Abelardo said appellant then became very angry. Appellant said he was going to drive his car to his house, about four houses away, and when he returned to Abelardo's house he wanted his gun. Elena testified appellant told her she "better return it [the gun], if not he was going to come back and kill me." Luciano, who heard the threats, said he went to get a two-by-four from the yard to try to stop appellant when he returned.

Because Elena believed appellant's threat, she called 911. At trial, the 911 tape was played for the jury and Elena testified to its contents. Elena said she made the call from her bedroom when appellant was running towards her house. She said she dropped the phone when appellant grabbed her, but the 911 recording continued and includes sounds and voices from the assault. Elena identified the man heard yelling in the background of the call as appellant, and said he was yelling that "he was going to kill me and that he wasn't going to let me go." She identified the female screaming in the background as herself.

Abelardo testified that when appellant returned, he said "I'm going to kill her, I'm going to kill her. In other words, to Elena, my wife." Because Abelardo believed appellant's threat, Abelardo went to a neighbor's house to call 911. The neighbor, who was across the street, said she saw appellant drive his car to his house, and return carrying something in his hand that looked like a knife. She allowed Abelardo to use her phone to call 911. Elena testified that when appellant returned and saw her on the phone, he grabbed her, and "put his arm around me with the knife." By the time Abelardo and Luciano returned to the house, appellant had Elena by the hair with a

knife to her throat. Appellant continued to ask for his gun, threatening to kill Elena if the gun was not returned to him. Abelardo got a rifle and shot appellant. When the neighbor heard the gunshot, she called 911. Appellant was taken to a hospital and later arrested and charged.

## DISCUSSION

We review an appellant's claim of ineffective assistance of counsel under the well-established standard of review. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The defendant must show (1) that counsel's performance was deficient, i.e., counsel's assistance fell below an objective standard of reasonableness; and (2) prejudice, i.e., a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thompson*, 9 S.W.3d at 812. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* This two-pronged test is the benchmark for judging whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a reliable result. *Id.*

Generally, the trial record will not suffice to establish an ineffective assistance of counsel claim. *Id.* at 813-14. Here, a motion for new trial was filed complaining only that the evidence of guilt was insufficient, and no post-trial evidentiary hearing was held on the motion. Therefore, our review is limited to the trial record.

### A. Testimony about Extraneous Offenses

Appellant first asserts he received ineffective assistance of counsel because counsel twice elicited testimony about extraneous offenses. The first instance occurred when defense counsel cross-examined Elena, who testified she has known appellant for about ten years:

> Q. In those 10 years, other than this one incident, has he ever threatened you?
> A. That I can remember in the past?
> Q. Yes.

A. No, he hasn't threatened me.  No.
Q. He's never, ever held a knife to you before; am I correct?
A. No, he has not.
Q. He's never shot you before, has he?
A. No, he has not.
*Q. He's never shot anyone at the scene there, your location?*
*A. Oh, yes, he has.  He shot my front neighbor.  Yes, he has.*
Q. Okay.  So he shot someone.  Okay.  And knowing that he shot someone, you still keep company with him; is that correct?
                                    . . .
A. Accompanied him? No, sir.  That's my husband's friend.  He's an acquaintance of mine.  I do not hang around with him.

[Emphasis added]

The second instance occurred when counsel cross-examined Abelardo about why appellant left the party:

Q. How long or before that time did he place this gun there?  I mean, was it two weeks ago?  A year ago?
A. I told you 30 to 45 minutes.
Q. All right.  Thirty to 45 minutes when he knows that he puts his gun there, he goes where?
A. *He goes looking for that guy that he was looking for.*
Q. Okay.  Without a gun?  Right?
A. Of course.
Q. So I — whatever he did.  I'm going to go look for someone, old sport, do you mind if I leave my gun here?  Is that what I hear?
A. Let's put it this way, he was looking for him all damn day and he couldn't ever find him.
Q. Okay.  So —
A. So we put it into his damn thick head to take that gun from the car and leave it there because he was going to get in trouble.  *Because he was already drunk.  I mean, driving and drinking, wasn't going to, you know, work out.*  So, yeah.  We convinced him to take out the damn gun from the car and leave it there.
                                    . . .
Q. *And was he looking for that guy?  Did he have his knife with him?*
A. *Of course.*

[Emphasis added.]

On appeal, appellant asserts trial counsel was ineffective because counsel established appellant had shot a person on a prior occasion, was drunk and driving on the day in question, and

was angrily looking for someone while in possession of a knife. Appellant contends there is no reasonable trial strategy for these questions.

Even if defense counsel's performance was deficient, we do not believe appellant has established prejudice in light of the overwhelming evidence of his guilt from three witnesses to the assault, one witness who saw appellant approach Elena's house with what appeared to be a knife, and the 911 recording. *See Motilla v. State*, 78 S.W.3d 352, 358-59 (Tex. Crim. App. 2002) (holding improper admission of evidence at a murder trial was harmless in light of substantial evidence of guilt and State did not mention evidence in closing); *Prior v. State*, 647 S.W.2d 956, 959-60 (Tex. Crim. App. 1983) (finding that "erroneous admission of the extraneous offenses did not contribute to the finding of guilty or to the punishment assessed" because "the evidence of guilt was overwhelming, even without the extraneous offenses."); *see also Alexander v. State*, 740 S.W.2d 749, 765 (Tex. Crim. App. 1987) ("error in admitting evidence of uncharged misconduct in a criminal prosecution is not invariably so prejudicial that a reversal of the conviction is required"). Also, the State did not rely on appellant's extraneous offenses to make its case or in its closing arguments. *See Motilla*, 78 S.W.3d at 358-59. Because we do not believe appellant has shown the outcome of the trial probably would have been different but for his trial counsel's actions, we conclude appellant did not demonstrate he received ineffective assistance of counsel under these circumstances.

## B. Jury Instruction

Appellant next asserts he received ineffective assistance of counsel because counsel failed to object to an improper jury instruction on the use of extraneous offenses. Because extraneous offenses were introduced without objection during the trial, the trial court held a charge conference at which the court asked defense counsel what she wanted:

Court: Okay. So you do want that on identity?
Counsel: Well, we don't want it at all.
Court: Impeachment? I don't know. I'm giving you the opportunity. What do you want?
Counsel: Yeah, impeachment is good. . . . .

The court then began to read the following to the jury:

> In this case evidence has been introduced to the effect that the defendant may have previously committed acts of misconduct or offenses other than that for which he is now on trial. In this connection, you are charged that the court permitted this evidence to be introduced for the purpose of aiding you, if it does aid you, in passing on the credibility . . .

The court stopped midsentence, stating "no, I can't do this," and called the attorneys up to

the bench for the following conference:

Court: He didn't testify. Okay. Just for the record, this is what you're requesting.
Counsel: Some of his statements were admitted.
Court: Okay. That's fine. That's the way you want it?
Counsel: Uh-huh.

The trial court then re-read the instruction in its entirety:

> In this case evidence has been introduced to the effect that the defendant may have previously committed acts of misconduct or offenses other than that for which he is now on trial. In this connection, you are charged that the court permitted this evidence to be introduced for the purpose of aiding you, if it does aid you, in passing on the credibility of the defendant as a witness in his own behalf and the weight given his testimony, and you are charged that you may consider such evidence for that purpose and no other.

On appeal, appellant asserts trial counsel was ineffective for not objecting to the above

instruction because (1) it limited the extraneous evidence to an improper purpose because he did

not testify, and therefore, did not put his credibility at issue; and (2) the instruction did not require

the State to prove the extraneous offenses beyond a reasonable doubt.

Again, even if defense counsel's performance was deficient, we do not believe appellant

has established prejudice for several reasons. First, as we have said, the evidence of appellant's

guilt was overwhelming and the State did not rely on appellant's extraneous offenses to make its

case or in its closing arguments. Second, the instruction limited the jury's consideration of the extraneous offenses solely to assessing appellant's credibility as a witness in his own behalf and the weight given his testimony. Thus, even if the jury considered the evidence despite the State not proving the offenses beyond a reasonable doubt, because appellant did not testify, we must presume the jury acted rationally, followed the limiting instruction, and did not consider the extraneous offense evidence because appellant did not testify. *Richardson v. State*, 879 S.W.2d 874, 882 (Tex. Crim. App. 1993) (in determining whether defendant was harmed by failure to object to jury charge, "we may presume that the jury acted rationally, at least absent a showing to the contrary"); *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) ("We generally presume the jury follows the trial court's instructions in the manner presented."); *see also Abdnor v. State*, 871 S.W.2d 726, 740 (Tex. Crim. App. 1994) (where no limiting instruction is given, "we cannot follow the presumption that the jury properly considered the evidence at trial"; "[t]hus, . . . we cannot conclude the jury properly considered the extraneous offenses"). We do not believe appellant has shown the outcome of the trial probably would have been different but for his trial counsel's actions; therefore, we conclude appellant did not demonstrate he received ineffective assistance of counsel under these circumstances.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Publish