Robin K. SCHLESIER *v.* STATE of Arkansas

CR 97-399                                                     968 S.W.2d 50

Supreme Court of Arkansas
Opinion delivered April 30, 1998

*Wayne Gruber*, for appellant.

*Heather Patrice Hogrobrooks*, for respondent Nila J. Keels.

No response.

PER CURIAM. On May 27, 1997, Appellant filed a Petition for Writ of Certiorari to complete the record. By *Per Curiam* order dated June 16, 1997, Appellant's Petition for Writ of Certiorari was granted. The Writ of Certiorari was issued to the Monroe County Circuit Clerk and to the Court Reporter, Nila J. Keels, returnable on July 16, 1997.

On July 17, 1997, the Monroe County Circuit Clerk filed an affidavit in which she averred that the court reporter, Nila J. Keels, failed to file the record of testimony in her office as commanded in the Writ of Certiorari. On September 11, 1997, we issued an order for Nila J. Keels, court reporter, to appear before this court at 9:00 a.m., Thursday, September 25, 1997, to show cause why she should not be held in contempt of court for failure to comply

in a timely manner with the command of the Writ of Certiorari issued on June 16, 1997.

Respondent Nila J. Keels appeared on September 25, 1997. At that time, she entered a plea of not guilty and requested a hearing. By *Per Curiam* order dated October 9, 1997, we appointed the Honorable Steele Hays as a master to conduct the hearing and file findings of fact with the court. By *Per Curiam* order dated January 15, 1998, we appointed the Honorable Jack L. Lessenberry as the substitute master in this matter.

The Honorable Jack L. Lessenberry conducted the hearing in this matter on February 25, 1998. Respondent Nila J. Keels appeared in person and was represented by her attorney, Heather Patrice Hogobrooks. Robin Horne, Chief Deputy Clerk of the Supreme Court Clerk's Office, and Nila J. Keels testified as witnesses during the hearing. The transcript of the hearing was filed on March 4, 1998, and the Master's Report and Findings of Fact was filed on March 17, 1998. Respondent Nila J. Keels filed objections to the Master's Report and Findings of Fact on April 3, 1998.

According to the Master's Report, Respondent Nila J. Keels raised two issues: (1) that this proceeding should be dismissed because she was not legally served or notified of the writ of certiorari issued against her; and (2) that she is unable to file a transcript in Appellant Schlesier's case because her stenographic and other records in the case were stolen from her automobile.

We first address the Master's findings on the issue of service. According to Robin Horne, Chief Deputy of the Arkansas Supreme Court Clerk's Office, when a writ of certiorari is issued to complete the record, she places two copies of the writ (one for the circuit clerk and one for the court reporter) in one envelope addressed to the circuit clerk with a cover letter. The Supreme Court Clerk's Office asks the circuit clerk to forward a copy of the writ to the court reporter for that proceeding. This method of transmittal to a court reporter is used by the Supreme Court Clerk's Office because that office has no way of knowing the identity of the court reporter for a particular proceeding. Respondent Nila J. Keels was familiar with this procedure.

In accordance with this procedure, the Supreme Court Clerk's Office mailed two copies of the Writ of Certiorari to the Monroe County Circuit Clerk on June 16, 1997. At that time, Respondent Nila J. Keels was no longer a court reporter. There is no evidence that she received the copy of the writ intended for her by the Clerk's mailing on June 16, 1997. Although the attorney for Appellant Schlesier, Wayne A. Gruber, wrote a courtesy letter to Respondent Nila J. Keels on June 17, 1997, which contained a copy of the writ, there is no evidence that Respondent Nila J. Keels received that letter. In her testimony, Respondent Nila J. Keels denied having received the courtesy letter.

The first confirmed service on Respondent Nila J. Keels was service made by the Arkansas State Police of the *Per Curiam* order dated September 11, 1997, ordering Respondent to appear on September 25, 1997, and show cause why she should not be held in contempt. Respondent acknowledged receipt of the September 11, 1997 order. The record does not reflect and Respondent does not recall whether that service included a copy of the June 16, 1997 writ.

Based upon the above findings by the master, we conclude that the Writ of Certiorari issued on June 16, 1997, was not served upon Respondent Nila J. Keels before the Order to Appear and Show Cause was issued on September 11, 1997. Under these circumstances, the Order to Appear and Show Cause should be, and hereby is, dismissed.

With the dismissal of the Order to Appear and Show Cause for lack of service, we need not address the Master's findings on the loss of the record.

Order to Appear and Show Cause dismissed.