No. _____

IN THE
COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

Trial Court No. 2013-179-C2
Court of Appeals No. 10-14-00183-CR

* * * *

LAMONT RENARD STEWART
Appellant

v.

THE STATE OF TEXAS,
Appellee

* * * *

RECEIVED IN
COURT OF CRIMINAL APPEALS

August 20, 2015

ABEL ACOSTA, CLERK

Appealed from the Court of Appeals for the
Tenth Judicial District of Texas
Sitting at Waco

* * * *

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
ORAL ARGUMENT REQUESTED

* * * *

August 19, 2015

Walter M. Reaves Jr.
100 N. 6th Street, Suite 802
Waco, Texas 76701
(254) 296-0020
FAX# (877) 726-4411
Attorney for Appellant

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

LIST OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

QUESTIONS PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

REASONS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

APPENDIX - Court of Appeals Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# LIST OF AUTHORITIES

STATE CASES

*Arizona v. Evans*, 514 U.S. 1, 115 S.Ct. 1185 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brown v. State*, 968 S.W.2d 50 (Tex. App. - Dallas, 1/12/99) . . . . . . . . . . . . . . . . . . . . v, 3

*Colston v. State*, 511 S.W.2d 10 (Tex. Crim. App. 1974) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Francis v. State*, 922 S.W.2d 176 (Tex. Crim. App. 1996) . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF THE CASE

Appellant was charged by indictment with the felony offense of Possession of a Controlled Substance with Intent to Deliver. (C.R. 5-6) The indictment contained both an enhancement allegation and a habitual allegation. *Id.* He entered a plea of not guilty on May 29, 2014, in the 54th District Court of McLennan, Texas, the Honorable Matt Johnson, presiding. The Court subsequently assessed punishment at 60 years in the Texas Department of Criminal Justice, Institutional Division. No fine was assessed.

## PROCEDURAL HISTORY

Appellant timely filed notice of appeal, and took his appeal to the Court of Appeals for the Tenth Judicial District, sitting at Waco, Texas. In an unpublished opinion authored by Justice Al Scoggins, dated June 18, 2015, the Court found no error, and affirmed the judgement of conviction and sentence. Appellant now timely files this petition for discretionary review.

## QUESTIONS PRESENTED FOR REVIEW

1. Did the Court of Appeals err in holding that extraneous drug deliveries are admissible whenever a defendant is charged with possession of a controlled substance?

2. Did the Court of Appeals err where the Court failed to consider the significance and weight of the extraneous deliveries, which allowed the State to paint as a drug dealer, in assessing whether the prejudicial nature of such evidence substantially outweighed its probative value?

3. Did the Court of Appeals err in holding the disclosure of an informant who was involved in extraneous transactions was not required, where the State relied almost exclusively on the extraneous deliveries to establish appellant's knowledge and intent.

## GROUNDS FOR REVIEW

1. The Court of Appeals has decided an issue in conflict with this Court's decision in *Prior v. State*, 647 S.W.2d 956 (Tex. Crim.App. 1983), in holding that extraneous deliveries are admissible whenever a defendant is charged with possession of a controlled substance.

2. The Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision in making a decision under Rule 403, TEX. R. CRIM. EV., where the court failed to consider the significance and weight of the extraneous deliveries which allowed the State to paint as a drug dealer.

3. The Court of Appeals has decided an important question of State law which has not,

v

but should be decided by this court, namely whether the disclosure of an informant who was involved in extraneous transactions was required, where the State relied almost exclusively on the extraneous deliveries to establish intent.

THE COURT OF APPEALS ERRED IN HOLDING THAT EVIDENCE OF TWELVE SEPARATE DRUG DELIVERIES TO CONFIDENTIAL INFORMANTS WERE ADMISSIBLE SIMPLY BECAUSE APPELLANT WAS CHARGED WITH POSSESSION OF A CONTROLLED SUBSTANCE

Appellant was arrested after police executed a search warrant at the apartment of a female friend, Jeanetta Mozee. Officers found a bag with 21 pills in her kitchen, along with another bag with 9 pills in her bedroom. (3 R.R. 63-64, 69) Appellant's defense was that the drugs belonged to Mozee. She was also arrested, and even though her case was pending at the time of appellant's trial she agreed to testify in his defense. She testified that the drugs were hers, and appellant did not bring them over. (4 R.R. 127-28, 131-32) She also claimed the pills were for her personal use, and she did not plan on distributing them. (4 R.R. 140)[1]

The State was allowed to introduce testimony from the lead investigator, David Starr, that during the course of his investigation he used two confidential informants to make twelve controlled buys from appellant. (4 R.R. 52) Field tests were performed on the drugs, but none were sent off for further testing. (4 R.R. 77-78)

Appellant challenged the admissibility of extraneous offenses both at trial, and on appeal. The Court of Appeals found the extraneous deliveries were relevant to show that

---

[1]As evidenced by their prosecution of appellant, the State did not believe Mozee, and believed she was covering for him. It is interesting to note that she stated on the way to jail that the bag contained 19-20 pills, even though there was not enough time for her to determine that before the warrant was executed. The officers entered the apartment almost immediately after appellant entered. (4 R.R. 97) She also told officers where to find the pills that were in her bedroom. (4 R.R. 100)

appellant had knowledge of the drugs on the kitchen counter, and that he possessed them with the intent to deliver. In so holding, appellant suggests the Court essentially held that extraneous offense are always admissible in drug cases. The Court held that "knowledge (or criminal intent) is an essential element of the crime of possession of a narcotic drug", and that "evidence that the accused has, in the past, sold the narcotic of which he is now alleged to have possession is of probative value in establishing knowledge." The Court cited *Arnott v. State*, 498 S.W.2d 166 (Tex. Crim. App. 1973), and *Payton v. State*, 830 S.W.2d 722 (Tex. App. - Houston [14th Dist.] 1992).

Appellant suggests the holding in this case, as well as the decision in *Payton* is in conflict with decisions from this court. In *Prior v. State*, 647 S.W.2d 956 (Tex. Crim.App. 1983) the court held that evidence of other crimes is admissible when it is material and relevant to a *contested* issue in the case (emphasis in original), citing *Albrecht v. State*, 486 S.W.2d 97 (Tex. Crim. App. 1972). The court also held that where guilty intent can be inferred from the act itself, evidence of other crimes is not admissible. [2] While the decision in *Prior* was before the adoption of the Code of Criminal Procedure, the holding was reaffirmed in *Rankin v. State*, 974 S.W.2d 707 (Tex. Crim. App. 1998) There, the court held as follows:

> Extraneous offenses will generally always be relevant, but the permissible
> purpose for which the proponent is offering the evidence it may not be. For

---

[2]The defendant in *Prior* was charged with indecent exposure, and the state introduced evidence of two other incidents where he had exposed himself. The court noted there was no argument that the exposure was accidental, so the other incidents were not admissible.

instance, where intent is a material issue and it is not inferrable from the act itself, evidence of other acts probative of such intent is relevant and the trial court's decision to admit such evidence is proper. Where the state's direct evidence, however, clearly shows the intent element of the crime and that evidence is uncontradicted by the defendant or not underdmined by cross-examination of the state's witensses, the offer of other crimes is unjustified due to lack of relevancy.

More recently, in *Carter v. State*, 145 S.W.3d 702 (Tex. App. - Dallas, 2004), the defendant was charged with delivery of more than 4 grams of cocaine. An undercover officer testified that he purchased cocaine from the defendant approximately two weeks before his arrest, and that was the offense he was indicted for. The Defendant was arrested following the execution of a search warrant at the house where the sale was made. He did not live at the house, but was present when the warrant was executed. Het did not have any drugs on him, but the officers found cocaine in a back room and marijuana in the den area. The state was allowed to introduce evidence of the cocaine and marijuana found at the time of arrest. The court addressed the admissibility of the evidence on the issue of intent and held that such evidence is not admissible merely because intent is an element of the crime. Carter's defense was that he was wrongly identified, and was somewhere else when the offense was committed. As the court noted, he "did not argue that he sold the cocaine but did not know it was cocaine, or that he did not intend to sell it", and concluded the extraneous offense should not have been admitted.

Appellant never claimed that he did not know what the pills were, or that he possessed the pills but didn't intend to sell them. Instead, he argued that he did not possess

3

them, and that they belonged solely to Mozee. The contested issue was possession, and not intent to deliver. As such, the prior deliveries should not have been admitted, since they were not relevant to a contested issue in the case.

A fundamental tenet of the criminal justice system is that an accused should be tried only for the offense for which he is charged and not his criminal propensities. *Owens v. State*, 827 S.W.2d 911 (Tex. Crim. App. 1992) A defendant should not be tried for being a criminal generally. *Albrecht*. To be admissible, evidence of other crimes must have relevance apart from its tendency to prove character conformity. *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990). Appellant suggests the only relevance the extraneous offenses had in this case was to establish he was a drug dealer. There was no testimony that Mozee participated in the prior transactions, or that appellant stored or kept drugs at her apartment. Nor was there any evidence that anyone had ever seen drugs at her apartment, or that any of the deliveries had taken place there. Without something establishing a logical link between Mozee's apartment and the deliveries, the deliveries have no relevance to the issue of whether appellant knew there were drugs in the apartment. Appellant suggests the court erred in holding the extraneous offenses were admissible simply because appellant was charged with a possession offense, and for that reason review should be granted.

REASON FOR REVIEW NUMBER TWO

THE COURT OF APPEALS IN FAILING TO ADDRESS THE
SIGNIFICANCE AND WEIGHT GIVEN TO THE EXTRANEOUS
DELIVERIES IN FINDING THE PROBATIVE VALUE OF SUCH
EVIDENCE WAS NOT SUBSTANTIALLY OUTWEIGHED BY THE
DANGER OF UNFAIR PREJUDICE

Even if extraneous offenses are relevant and admissible under Rule 404(b), the

evidence can still be excluded under Rule 403, TEX. R. CRIM. EV. if the probative value

of the extraneous offense is "substantially outweighed" by the danger of unfair prejudice,

confusion of the issues, or misleading the jury". *Id*. While the Court set forth the proper

factors to consider, appellant suggests  the court did not consider the significance of the

evidence, and the importance placed on the extraneous deliveries. In holding the evidence

did not cause the jury to be confused or distracted, the Court simply pointed to the fact that

evidence affirmatively links appellant to the pills. Appellant suggests that basically amounts

to a holding that evidence was unduly prejudicial because there evidence of his guilt. Clearly,

that is not the proper inquiry.

There is no dispute that issue was whether appellant possessed the drugs in the

apartment. The issue emphasized by the State however was that appellant was a drug dealer.

The Court need only review the State's final argument to establish the significance placed

on the extraneous deliveries by the State. The State's argument was that appellant was a drug

dealer, and therefore the drugs must be his. They did that through the following comments:

- The only way Lamont Stewart is not guilty of this crime is that David Starr
  made all of this up. That's the only way. Everything he told us about going and

5

watching Lamont Stewart do buys 12 times before – and that's just working up to a search warrant. (4 R.R. 193)

- That even though the defendant had 12 buys of what was believed to be TFMPP, that he just happened to have a girlfriend who also just happened to be addicted to the same drug. And so, when he went over to her house, he didn't know the same guy that on 12 different occasions had sold drugs to confidential informants, he didn't know there were drugs over there. (4 R.207)

- The defense would have you believe that the defendant just happened to there when the law enforcement just happened to be looking for Ecstasy he had been selling. *Id.*

- What do we know about this case? The defendant on 12 separate occasions sold to an undercover officer TFMPP. Those were tested by a test kit that's used nationwide. And they tested positive. A search warrant was drawn up. The defendant was found in a house with TFMPP, 21 pills. Which you heard multiple people say is not a user amount of drugs. That is a seller amount. That is a dealer amount. Exactly what he is. He is a dealer. (4 R.R. 208-09)

- He's going to put it on the cops saying, well, you didn't really test things. You know you didn't really, you know, connect the 12 buys to this one. (4 R.R. 210)

When considering all the factors, appellant suggests that whatever probative value the extraneous deliveries had was substantially outweighed by the danger of unfair prejudice. Appellant suggests the Court erred in not focusing on the prejudice caused by the introduction of such evidence, and instead focusing on the other evidence of guilt.

REASON FOR REVIEW NUMBER THREE

THE COURT OF APPEALS ERRED IN HOLDING THE STATE WAS NOT REQUIRED TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT WHO PARTICIPATED IN PRIOR PURCHASES OF PILLS FROM APPELLANT WHERE SUCH EVIDENCE WAS THE PRIMARY EVIDENCE USED TO ESTABLISH APPELLANT'S KNOWLEDGE AND INTENT

As set forth above, the State offered evidence of 12 separate deliveries made by appellant. Testimony about those transactions was offered through Waco Police officer

6

David Starr. He testified that he used two confidential informants to make purchases from appellant. (4 R.R. 56) He described how he would provide the informants with money after they set up the transaction, follow them to their meeting with appellant, and collect the drugs after the buy was made. (4 R.R. 59 – 62) Appellant asked Starr who the two informants were, and the State objected. (4 R.R. 65) The State argued the identity of the informants was protected under Rule 508, TEX. R. CRIM. EV. After extended argument, the Court held the identity of the informant was not necessary to a fair determination of guilt, and granted the state's objection. (4 R.R. 65-74)

The Court of Appeals held that disclosure of the informant was not" necessary to a fair determination of the issue of guilt, innocence." *Bodin v. State*, 807 S.W.2d 313 (Tex. Crim. App. 1991) Appellant suggests that this case differs from most cases raising this issue because the informant was involved in extraneous transactions, and not the actual offense alleged in the indictment. Both the trial court and the Court of Appeals focused on the importance of the informant in deciding whether appellant possessed the drugs in the apartment. Appellant suggests that was error.

Appellant also suggests this case is unique, since the extraneous transactions were such a significant part of the State's case. Basically, the State's position was that the extraneous deliveries were essential to establish guilt. Thus, if appellant was not guilty of those, he would not be guilty of the indicted offense. In that situation, appellant suggests the informant's identity was necessary to fair determination of guilt, and should have been

7

disclosed. Appellant suggests the Court erred in failing to focus on the significance of the extraneous offenses, and for that reason review should be granted.

## PRAYER

WHEREFORE, APPELLANT PRAYS the court grant this petition, reverse the decision of the Court of Appeals and remand the case for further consideration.

Respectfully Submitted,

_____

Walter M. Reaves Jr.

100 N. 6th Street, Suite 802

Waco, Texas 76701

(254) 296-00020

FAX # (877) 726-4411

TBA#16644200

Attorney for Defendant

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing petition for discretionary review has been delivered to Abel Reyna, District Attorney for McLennan County, Texas, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, on this the _____ day of August, 2015

_____
Walter M. Reaves Jr.

Print this page

# Envelope 6556471

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 08/19/2015 10:06:56 AM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | |
| Firm Name | Walter M. Reaves, Jr. |
| Filed By | Tawne Owen |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Walter M Reaves Jr |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 10746557 |
| Order # | 006556471-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Appellant's PDR |
| Reference Number | |
| Comments | |
| Status | Rejected |

### Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

### Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 08/20/2015 | The petition for discretionary review does not contain a certification of compliance with T.R.A.P. 9.4(i)(3). The petition for discretionary review does not contain the |

| | | |
|---|---|---|
| Other | 12:26:41 PM | identity of Judge, Parties and Counsel [Rule 68.4(a)]. The petition for discretionary review does not contain a copy of the court of appeals opinion [Rule 68.4(j)]. The petition has not been signed [Rule 9.1(c)(1)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | 00035277.PDF | [Original] |