# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00512-CR

**Billy Wayne Lewis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 51,859, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

A jury found appellant Billy Wayne Lewis guilty of the offense of possession of over four but less than 200 grams of methamphetamine with intent to deliver. *See* Tex. Health & Safety Code Ann. ' 481.112 (a), (d) (West Supp. 2002). The district court found that appellant committed a previous offense and assessed punishment at life in prison and a $10,000 fine. Appellant contends that the district court erred during the guilt-innocence phase of trial when she overruled his objections and allowed the State to present evidence of extraneous offenses. *See* Tex. R. Evid. 404(b). Further, in the event the extraneous-offense evidence was properly admitted, appellant contends that he received ineffective assistance of counsel because his attorney failed to object that the probative value of the extraneous-offense evidence was substantially outweighed by its prejudicial effect. *See* Tex. R. Evid. 403. We will affirm the conviction.

## Background

On January 12, 2001, officers of the Central Texas Narcotics Task Force executed a search warrant at LNM Automotive in Temple. From the automotive shop, the officers recovered a large number of syringes, scales with white powder residue, ziplock plastic bags, a plastic bag containing white powder residue, four spoons with white powder residue, some notes and a total of 66.53 grams of methamphetamine. The officers also recovered three utility bills for the building that were addressed to appellant. At the time the officers executed the warrant, several individuals were at the shop, but appellant was not. Appellant arrived as a passenger in a car about an hour after the officers executed the search warrant. When appellant got out of the car, one of the officers observed him throw a black pouch from his pocket. The officers recovered the pouch and in it were two syringes and 19.88 grams of methamphetamine. The officers searched appellant and recovered a small digital scale from his pocket and from his wallet they recovered a business card that indicated he was the owner of the automotive shop. The officers searched the car appellant arrived in and recovered rubber tubing, jars, charcoal lighter fluid and a plastic gas can containing what the officers believed to be anhydrous ammonia. One of the officers testified that all of the items recovered during these searches are commonly found in a methamphetamine lab. An officer also testified, without objection, that they conducted two undercover drug purchases from appellant at the automotive shop before executing the search warrant.

After the witnesses testified about the events that occurred during the execution of the search warrant, the State announced that it intended to offer evidence relating to two extraneous offenses of possession of methamphetamine, one that occurred December 16, 2000, before the alleged offense, and

one that occurred on February 13, 2001, after the alleged offense. Appellant=s counsel objected that such evidence would be irrelevant because the possession offenses were not connected to the alleged offense and further that the State=s extraneous-offense evidence was improper character evidence. *See* Tex. R. Evid. 404(b). The State responded that the evidence was admissible because in both extraneous offenses and in the charged offense, appellant had distributable amounts of methamphetamine, that is, amounts far in excess of what an individual would possess for personal use. The State argued that the extraneous-offense evidence would show appellant=s common plan, which was that typically he would take large amounts of methamphetamine from his shop and drive around the county with the drugs available for sale from a car. Further, the State argued that the extraneous-offense evidence was admissible to rebut any notion that appellant lacked intent to possess and to distribute the methamphetamine. The court overruled appellant=s objection and ruled that the extraneous-offense evidence would be allowed for the limited purpose of showing appellant=s scheme, intent, motive, or the commonality with the alleged offense.

The State then called the chief of police for the City of Rogers, Chief Thrower, who testified that on December 16, 2000, at 11:45 p.m., he stopped appellant for a traffic violation. Appellant consented to a search of his car during which the officers recovered a safe containing a plastic bottle with 14.66 grams of methamphetamine and two small plastic bags that contained 0.51 and 19.04 grams of methamphetamine. At this point in the proceedings, appellant objected to Chief Thrower=s testimony, but the court overruled his objection. Rogers police officer Miguel Johnson testified that on February 13, 2001, at 11:50 p.m., he offered assistance to appellant, who had run out of gas near Rogers. While waiting for appellant to buy gasoline, Officer Johnson learned that there was an outstanding arrest warrant for appellant. Officer

3

Johnson placed appellant in the back of his patrol car and returned to appellant=s car to inventory and impound the car. Recovered from appellant=s car during the search were syringes, and small plastic bags later determined to contain methamphetamine in the amounts of 6.33 grams, 15.82 grams, 26.18 grams, and 0.25 grams. Appellant objected to Officer Johnson=s testimony and the court overruled his objection.

The commander of the Central Texas Narcotics Task Force, John Bennett, offered expert testimony about the illegal methamphetamine trade. He testified that it was unusual for someone to buy more than a few grams of methamphetamine for personal use and that methamphetamine was usually sold in amounts of one-tenth to one-fifth of a gram. Appellant did not testify or offer any evidence at trial. The court instructed the jurors that they could consider the extraneous-offense evidence only if they first found beyond a reasonable doubt that appellant committed those offenses and even then they could only consider the evidence Ain determining the intent, knowledge, motive, absence of mistake or accident of the [appellant], if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.@

Appellant contends on appeal that the district court erred in overruling his 404(b) relevancy objections to the extraneous-offense evidence. Appellant also contends that, in the event the extraneous-offense evidence is determined to have been relevant and properly admitted under Rule 404(b), he received ineffective assistance of counsel because his attorney failed to raise a Rule 403 objection that the probative value of the evidence was outweighed by its prejudicial effect.

**Discussion**

4

*Montgomery v. State* set the standard for review of evidentiary rulings relating to extraneous offenses. 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g); *see also Rankin v. State*, 974 S.W.2d 707, 718 (Tex. Crim. App. 1998). *Montgomery* defined relevant evidence and discussed the admissibility of that evidence as well as a trial court=s role in determining admissibility. *Rankin*, 974 S.W.2d at 718. Further, the court outlined the approach that a trial court should take in determining whether the prejudicial effect of relevant evidence outweighs the probative value of the evidence. The *Montgomery* court held that procedurally a defendant must make two objections to a State=s request to admit evidence of extraneous bad acts; one objection contending the evidence has no relevance beyond showing the defendant=s bad character under Rule 404(b) and a second objection contending that the prejudicial value of the evidence outweighs the probative value of the evidence under Rule 403. 810 S.W.2d at 387-88. Further, the court held that the trial court must perform an evaluation under each objection, the first evaluation addressing the relevancy of the evidence under Rule 404(b) and the second evaluation balancing the probative value of the evidence and the prejudicial effect of the evidence under Rule 403.[1] *Id.*

---

[1] In *Castaldo v. State*, the court of criminal appeals, without citing or overruling *Montgomery*, indicated that the Rule 403 balancing test is an inherent part of Rule 404(b). No. 0189-01 slip op. at 8, 2002 Tex. Crim. App. LEXIS 138, at *12 (Tex. Crim. App. June 26, 2002). Absent an express overruling of *Montgomery* by the court of criminal appeals, however, we continue to follow the process and analysis set forth therein.

*Relevance*

Appellant first contends that the district court erred in overruling his 404(b) relevancy objections because the December 16 and February 13 extraneous offenses had no relevance aside from showing appellant=s bad character. As defined in Rule 401, Arelevant@evidence is evidence that has Aany tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it could be without the evidence.@ Tex. R. Evid. 401. If the evidence is relevant it is admissible so long as no constitutional provision, statute, or rule bars its admissibility. Tex. R. Evid. 402. Relevant evidence, however, may not be admissible for every purpose. Rule 404(b) bars evidence of Aother crimes, wrongs or acts@ when that evidence is admitted for the purpose of proving Athe character of a person in order to show that he acted in conformity therewith.@ Tex. R. Evid. 404(b). Rule 404(b) incorporates the fundamental tenet of our criminal justice system that an accused may be tried only for the offense for which he is charged and not his criminal propensities. *Owens v. State*, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992). Evidence of other crimes, wrongs or acts, however, may be admissible if such evidence has relevance apart from its tendency to prove character conformity. Tex. R. Evid. 404(b); *Montgomery*, 810 S.W.2d at 387. Consequently, if a defendant objects on the grounds that the evidence is not relevant, violates Rule 404(b), or constitutes an extraneous offense, the proponent must show that the evidence has some relevance apart from showing bad character. *Montgomery*, 810 S.W.2d at 387.

6

If the trial judge determines that the evidence has no relevance apart from character conformity, it is inadmissible. *Id.* If the proponent persuades the trial court that the evidence is admissible for some other permissible purpose, and that purpose Atends in logic and common experience to . . . make the existence of a fact of consequence more or less probable than it would be without the evidence,@ the evidence is admissible. *Montgomery*, 810 S.W.2d at 391. Extraneous-offense evidence is considered relevant only (1) when it logically makes an elemental fact, such as identity, or intent more or less probable; (2) makes an evidentiary fact, such as motive, opportunity or preparation, that inferentially leads to an elemental fact more or less probable; or (3) makes defensive evidence undermining an elemental fact more or less probable. *Id.* at 387-88.

A trial court=s admission of extraneous-offense evidence is not reviewed *de novo* but under an abuse of discretion standard. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1999). As long as the trial judge properly admitted the evidence in light of the factors enunciated in *Montgomery* and the trial court=s decision to admit the evidence lies Awithin the zone of reasonable disagreement@ the decision will be upheld. *Rankin*, 974 S.W.2d at 718 (citing *Montgomery*, 810 S.W.2d at 391). On the other hand, when the appellate court can say with confidence that by no reasonable perception of common experience can it be concluded that proffered evidence has a tendency to make the existence of a fact of consequence more or less probable than it would otherwise be, then it can be said the trial court abused its discretion to admit the evidence. *Montgomery*, 810 S.W.2d at 391.

We keep in mind that the mere fact that a party introduces evidence for a purpose other than character conformity does not, in itself, make that evidence admissible. Because the evidentiary rules allow for the admission of only relevant evidence, the purpose for which the proponent offers the extraneous-offense evidence must satisfy the definition of relevant evidence set out in Rule 401. *Rankin*, 974 S.W.2d at 719 (citing *Montgomery*, 810 S.W.2d at 391). Extraneous-offense evidence will generally always be relevant, but the purpose for which the proponent is offering it may not be. *Rankin*, 974 S.W.2d at 719. For instance, when intent is a material issue and cannot be inferred from the act itself, evidence of other acts probative of such intent is relevant, and the trial court=s decision to admit such evidence is proper. *See Morgan v. State*, 692 S.W.2d 877, 880 (Tex. Crim. App. 1985); *Prior v. State*, 647 S.W.2d 956, 959 (Tex. Crim. App. 1983).

The State was required to prove that appellant (1) intentionally or knowingly possessed a controlled substance; (2) weighing four grams or more but less than 200 grams including adulterants; (3) with the intent to deliver. Tex. Health & Safety Code Ann. ' 481.112(a), (d) (West Supp. 2002). The State argues that the extraneous-offense evidence was admissible as proof of appellant=s intent to deliver the methamphetamine he was charged with possessing. Further, the State argues that the extraneous-offense evidence showed that it was appellant=s regular course of action to drive a car around the county and sell methamphetamine. Appellant argues that the extraneous-offense evidence was not relevant and did not have a tendency to make it more or less probable that appellant intended to deliver the methamphetamine in the charged offense. Appellant argues that the extraneous-offense evidence supported an inference that

appellant possessed drugs with intent to deliver as charged in this case only to the extent that the evidence showed he was a drug dealer and drug possessor generally. Appellant contends that such an inference is exactly what is prohibited by Rule 404(b).

Appellant=s intent to deliver the methamphetamine was a fact of consequence to the case. Therefore, the fact that appellant possessed similarly large amounts of methamphetamine, indeed amounts larger than an individual would possess for personal use, before and after the date of the charged offense, was some evidence, when considered with other evidence in the case, that established appellant=s intent or motive for possessing the large amount of methamphetamine on the date of the charged offense. The extraneous-offense evidence tended to make the existence of the fact that here appellant also possessed the large amount with the intent to deliver more or less probable than it would be without the evidence. We conclude that the district court=s decision to admit the evidence was Awithin the zone of reasonable disagreement,@ and consequently, we uphold her evidentiary ruling admitting the extraneous-offense evidence over appellant=s Rule 404(b) objection. Appellant=s contention that the district court erred in overruling his relevancy objection to the extraneous-offense evidence is overruled.

Generally, having determined that the district court did not abuse her discretion in determining that extraneous-offense evidence had some relevance apart from showing appellant=s bad character, we would continue reviewing the district court=s admission of the extraneous-offense evidence by determining whether the court conducted a proper Rule 403 analysis. Specifically, we would review the district court=s determination that the probative value of the extraneous-offense evidence outweighed its

prejudicial effect. In this case, we would focus our attention on the State=s compelling need for the extraneous-offense evidence in light of the other evidence of appellant=s intent to deliver. *Montgomery*, 810 S.W.2d at 391. Because appellant failed to present a Rule 403 objection to the district court, however, we will not proceed with a Rule 403 review. *See id. But see Castaldo v. State*, No. 0189-01, slip op. at 8, 2002 Tex. Crim. App. LEXIS 138, at *12 (Tex. Crim. App. June 26, 2002).

### *Ineffective assistance of counsel*

Having determined that the district court did not abuse her discretion in admitting the extraneous-offense evidence, we next address appellant=s contention that his trial counsel was ineffective because he failed to raise an objection under Rule 403 asserting that the prejudicial effect of the extraneous-offense evidence outweighed its probative value.

To prevail on an ineffective assistance of counsel contention, the appellant bears the burden of showing (1) deficient performance and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Jackson v. State*, 877 S.W.2d 768 (Tex. Crim. App. 1994). To prove deficiency, an appellant must demonstrate that counsel=s performance fell below an objective standard of reasonableness or deviated from prevailing professional norms. *Strickland*, 466 U.S. at 688. Judicial scrutiny of counsel=s performance should be highly deferential. *Id.* at 689. An appellant must overcome a strong presumption that an attorney=s actions were sound trial strategy. *Id.*; *Jackson*, 877 S.W.2d at 771. To show prejudice, Athe defendant must show that there is a reasonable probability that, but for counsel=s unprofessional errors,

the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.@ *Id.* (citing *Strickland*, 466 U.S. at 694).

A defense counsel=s strategy should not be second-guessed, nor will the fact that another attorney might have pursued a different course support a determination that counsel was ineffective. *Id.* Further, while a single egregious error of commission or omission may be sufficient, reviewing courts are hesitant to declare counsel ineffective based on a single alleged miscalculation. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In order to effectively present and argue an issue of ineffective assistance of counsel, a record focused on the conduct of trial counsel should be developed. *Jackson*, 877 S.W.2d at 772 (Baird, J., concurring). This is because a trial record is generally insufficient to address claims of ineffective assistance of counsel in light of the Astrong presumption that [trial] counsel=s conduct falls within the wide range of reasonable professional assistance.@ *Id.* (quoting *Strickland*, 466 U.S. at 689). Such a record is best developed in the context of a hearing held in relation to an application for writ of habeas corpus. *Id.* In such a writ hearing, the effectiveness of counsel=s representation is best revealed and the court of criminal appeals can review the record from the writ hearing as well as the habeas judge=s findings and conclusions, all of which are directed to the representation issue. *Id.*

The record before us is silent regarding why appellant=s trial counsel failed to raise the Rule 403 objection. Further, appellant did not develop any record or present any evidence to the trial court on his ineffective assistance of counsel claim as he might have. *See Reyes v. State*, 849 S.W.2d 812, 815

11

(Tex. Crim. App. 1993); *Mayhue v. State*, 969 S.W.2d 503, 511 (Tex. App.CAustin 1998, no pet.). We hold that the record before us is insufficient to overcome the presumption that counsel=s actions were part of a strategic plan.[2] *See Tong v. State*, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000); *Thompson*, 9 S.W.3d at 814.

Further, appellant has failed to show that he was prejudiced, that is, that the outcome of the trial probably would have been different but for his trial counsel=s failure to raise a Rule 403 objection to the extraneous-offense evidence. Intent to deliver may be shown by circumstantial evidence, such as by possession of a large quantity of drugs, other drug transactions, and expert testimony. *See Hankton*, 23 S.W.3d at 546; *Smith v. State*, 737 S.W.2d 933, 941 (Tex. App.CDallas 1987, pet. ref=d). Here, the State established appellant=s intent to deliver by presenting evidence that appellant possessed a large quantity of methamphetamine, that officers and informants had conducted two controlled buys from appellant at the automotive shop before the search warrant was executed, and that an individual would not possess such a large quantity of methamphetamine for personal use as was recovered from appellant in this instance. We hold that in light of the substantial amount of evidence the State presented during the guilt-

---

[2] Rejection of an ineffective-assistance-of-counsel claim on direct appeal will not bar relitigation of the claim to the extent that an applicant in a post-conviction application for writ of habeas corpus gathers and introduces evidence not contained in the direct appeal record. *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

innocence phase regarding the element of appellant=s intent to deliver the methamphetamine, appellant=s trial counsel=s failure to raise a Rule 403 objection probably did not affect the outcome of the jury=s guilty verdict. Additionally, the extraneous offenses would have been admissible during the punishment phase of trial. *See* Tex. Code Crim. Proc. Ann. art. 37.07, ' 3 (West Supp. 2002). Appellant=s second contention is overruled.

### *Pro se brief*

In addition to the brief filed by counsel, appellant has filed a *pro se* brief.[3] An appellant is not entitled to hybrid representation. *Tobias v. State*, 884 S.W.2d 571, 585 (Tex. App.CFort Worth 1994, pet. ref=d). Nevertheless, in the interest of justice, we have examined the contentions raised in the *pro se* brief and find them without merit.

**Conclusion**

The judgment of conviction is affirmed.

Lee Yeakel, Justice

---

[3] After this case was submitted, appellant filed a *pro se* motion for leave to file a *pro se* supplemental brief. Accompanying the motion was appellant=s *pro se* supplemental brief. We will grant appellants *pro se* motion and consider the issues presented in the *pro se* supplemental brief.

Before Chief Justice Aboussie, Justice B. A. Smith and Yeakel

Affirmed

Filed:   July 26, 2002

Do Not Publish