# NO. 12-24-00100-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GENARO LEMUS CORTEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 413TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *JOHNSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Genaro Lemus Cortez appeals his convictions for aggravated sexual assault of a child and indecency with a child by contact.[1] In three issues, Appellant contends the evidence is insufficient to support his conviction and the trial court erred in admitting certain evidence. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child and indecency with a child by contact. He pleaded "not guilty," and the matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged and sentenced him to twenty-five years imprisonment for aggravated sexual assault and ten years for indecency with a child. This appeal followed.

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

In his third issue, Appellant contends the evidence is insufficient to support his convictions. We address this issue first because, if sustained, it would afford the greatest relief.

## Standard of Review and Applicable Law

The *Jackson v. Virginia*[2] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.

A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Rodriguez v. State*, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. *Id*. at 15. Juries are not permitted to reach conclusions based on mere speculation or factually unsupported inferences or presumptions. *Id*. An inference is a

---

[2] 404 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id*. at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id*.

As applicable here, a person commits aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means and by acts or words places the victims in fear that serious bodily injury will occur. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(A)(ii) (West 2019). Serious bodily injury means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(a)(46) (West Supp. 2024). The testimony of a child complainant, standing alone and without corroboration, may be sufficient to support a conviction for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (West 2023).

A person commits indecency with a child, as pertinent in this case, if he engages in sexual contact with a child by touching the child's breasts with the intent to arouse or gratify his sexual desire. TEX. PENAL CODE ANN. § 21.11(a)(1), (c)(1) (West 2019).

**Analysis**

The victim, M.G., testified that she spent the weekend of December 18, 2022, at her friend Jacy's house to celebrate Jacy's birthday. M.G. was fourteen years old. Appellant was dating Jacy's mother B.S. The first night M.G. slept at Jacy's, several other girls were also present. The next morning, the other girls left. Because M.G.'s parents were out of town, M.G. arranged to stay the next night at Jacy's. M.G. was alone with Appellant around 8:30 p.m. when Jacy and B.S. went to shower and get ready for bed. Appellant removed M.G.'s blanket and took it to a spare bedroom. M.G. followed to retrieve the blanket. According to M.G., Appellant grabbed her by the shoulders and pushed her onto the bed. M.G. repeatedly attempted to get off the bed, but Appellant pushed her back down. At one point, he held her down by her throat and

3

she could not breathe. When Appellant let her up, he gave her a "really tight hug." Realizing that she was not wearing a bra, Appellant lifted her shirt and began touching and "squishing" her breasts. Appellant then put his hands down M.G.'s pajama pants and rubbed his fingers on and between her labia. M.G. testified that she did not immediately tell anyone because she was scared. M.G.'s account matches what she told Jacy, B.S., law enforcement, and healthcare professionals.

Jacy testified that M.G. seemed quiet and acted differently when Jacy returned from showering. Later that night, M.G. told Jacy what happened. Jacy texted her mother about it, and they all met in the garage to talk. M.G told B.S. what happened. B.S. testified that she ensured M.G. was not making false accusations and decided they would make a report with the Burleson Police Department the next morning. B.S. testified that prior to M.G.'s encounter with Appellant, Appellant made sexual advances on B.S. in the girls' presence. She further testified that Appellant had been drinking during the day. B.S. pushed Appellant away because she did not feel his advances were appropriate while Jacy and M.G. were present. That night, B.S. slept in Jacy's room with the two girls. She drove them to the police station the following morning.

Sarah Cunningham, the nurse who conducted M.G.'s sexual assault examination, testified that she observed bruising on M.G.'s neck. Cunningham further explained that Appellant's rubbing his fingers between M.G.'s labia constituted penetration of the genital area. Priscilla Kenyon, a forensic nurse examiner, testified that strangulation impedes breathing, takes very little force to cause serious bodily injury or death, induces a fear response in the victim, and is used to exert total control or power over a victim.

Appellant testified in his own defense. He denied any inappropriate contact with M.G. He claimed that he took the blanket from M.G. to try and get her to go to bed. He denied pushing her onto the bed or touching her inappropriately.

After reviewing all the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient. M.G.'s testimony is evidence of the assault, and although not required, it is supported by corroborating circumstantial evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1). M.G. also testified regarding the indecency with a child by contact. It is the jury's province to determine the credibility of the child victim and other witnesses and the weight to be given to that evidence, and we may not substitute our own credibility determination for that of the trier of fact. *See **Saxton v. State***, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

4

The jury was entitled to believe M.G.'s version of events and not believe Appellant's. We are satisfied that a rational jury could find the essential elements of the offenses beyond a reasonable doubt and that the evidence is legally sufficient to support the verdict. *See Brooks*, 323 S.W.3d at 898-99. We overrule Appellant's third issue.

**ADMISSION OF EVIDENCE**

In his first issue, Appellant complains the trial court erroneously admitted evidence of his previous deferred adjudication for assault family violence. In his second issue, Appellant urges the trial court abused its discretion in admitting a video depicting an altercation with B.S. He contends that both pieces of evidence constitute inadmissible character evidence.

**Standard of Review and Applicable Law**

We review a trial court's admission of extraneous offenses or acts under an abuse of discretion standard. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).

Rule 404(b) of the Texas Rules of Evidence provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character to show that the person acted in accordance with the character on a particular occasion, but it may be admissible for another purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b). The list of enumerated purposes for which an extraneous offense or act may be admissible under Rule 404(b) is neither exclusive nor exhaustive. *Montgomery*, 810 S.W.2d at 388. Evidence of extraneous acts may be admissible if it has relevance apart from its tendency to prove a person's character to show that he acted in conformity therewith. *Id*. at 387. However, the fact that evidence of extraneous acts is introduced for a purpose other than character conformity does not, standing alone, make the evidence admissible. *See Webb v. State*, 36 S.W.3d 164, 180 (Tex. App.—Houston [14th Dist.] 2000, pet. Ref'd). Proffered evidence must also be relevant to a fact of consequence in the case. *Id*. Evidence is relevant if it tends to make the existence of any fact of consequence more probable or less probable than it would be without the evidence. TEX. R. EVID. 401.

5

Rule 403 of the Texas Rules of Evidence provides as follows: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. "Rule 403 favors admissibility of relevant evidence, and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery*, 810 S.W.2d at 389. Once a trial court determines that extraneous offense evidence is admissible under Rule 404(b), the trial court must, upon proper objection by the opponent of the evidence, weigh the probative value of the evidence against its potential for unfair prejudice. *Id*.; *see* TEX. R. EVID. 403. A Rule 403 analysis must balance the following:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006); *see also* ***Erazo v. State***, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). However, if the only value of extraneous offense evidence is to show character conformity, the balancing test required by Rule 403 is obviated because "the rulemakers hav[e] deemed that the probativeness of such evidence is so slight as to be 'substantially outweighed' by the danger of unfair prejudice *as a matter of law.*" *Montgomery*, 810 S.W.2d at 387 (quoting ***United States v. Beechum***, 582 F.2d 898, 910 (5th Cir. 1978)). We will not overturn a conviction if, after examining the record as a whole, we have fair assurance that the allegedly erroneous admission of extraneous-offense evidence either did not influence the jury or had but slight effect. *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008).

## Appellant's Deferred Adjudication

During it's cross-examination of Appellant, the State introduced evidence that Appellant previously received deferred adjudication for assault family violence in 2004. Appellant objected as follows:

> Your Honor, I object to the exhibit in that contained in the exhibit is a statement that the plea of guilty "heretofore entered is set aside, changed to not guilty, complaint and information is hereby dismissed and the Defendant be discharged". I object to it.

The trial court overruled the objection. On appeal, Appellant contends the evidence is inadmissible under both Rules of Evidence 403 and 404.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). An appellant's complaint on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g). Here, Appellant did not object on the basis of either Rule 403 or 404; therefore, he failed to preserve this issue for our review. We overrule Appellant's first issue.

## Video of Altercation with Girlfriend

During its cross-examination of Appellant, the State attempted to introduce a video of an altercation between Appellant and B.S. in which Appellant pushed and struck B.S. Appellant objected that the video was highly prejudicial, and the door had not yet been opened. The trial court sustained the objection at that point. However, Appellant's defensive theory centered around two factors: that M.G. fabricated the entire ordeal and that he was not the type of person to commit this kind of act. Appellant called several witnesses to testify to his character. During the cross-examination of Appellant's sister, Lisa Reynoso, the State again offered the video into evidence. Appellant objected "for the reasons stated earlier." The State argued that the video was relevant to show Reynoso "what his conduct is outside of the family." The State further argued the following:

> But it goes to the fact that [Appellant] acts differently in different circumstances in different situations. And I want to ask her if she would have ever thought that after watching State's Exhibit No. 6 that her brother would be capable of acting in such a manner.

> This type of assault typically goes on behind closed doors as it did -- or in private as it did in the situation here. So of course, she would not have any type of personal knowledge of [Appellant] committing any type of bad act against a minor. And the fact that Defense continues to bring up, related to his character, it puts State's Exhibit No. 6 exactly in the crosshairs to rebut that character evidence.

7

The trial court admitted the evidence.

Assuming without deciding that the trial court erred by admitting the challenged evidence, any such error would be reviewed under the standard for nonconstitutional error, and under that standard, we conclude that the error was harmless. *See Snowden v. State*, 353 S.W.3d 815, 818 (Tex. Crim. App. 2011) (observing that the erroneous admission of extraneous offense evidence is reviewed for harm under the standard for nonconstitutional error). Nonconstitutional error must be disregarded unless it affects a defendant's substantial rights. *See* TEX. R. APP. P. 44.2(b). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence on the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error had no influence or only a slight effect on the verdict, then the error is harmless. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

When assessing harm, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *See Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). We also consider the jury instructions given by the trial court, the theories from the prosecution and the defense, closing arguments, and even voir dire, if material to the defendant's claim. *Id.*

We first note that there was overwhelming evidence in support of the verdict. As explained elsewhere in this opinion, M.G.'s testimony alone is sufficient to support Appellant's conviction. M.G.'s testimony was also corroborated. We further note that the prosecution only briefly referenced the video during its cross-examination of Appellant's sister and did not mention it during closing arguments. In addition, the trial court charged the jury with a limiting instruction on extraneous offenses.

Based on the record as a whole, we conclude that the video of Appellant's altercation with B.S. was unlikely to move the jury from a state of non-persuasion to a state of persuasion. *See Nguyen v. State*, 693 S.W.3d 732, 741 (Tex. App.—Houston [14th Dist.] 2024, no pet.). Because the challenged evidence had at most a slight effect on the jury's verdict, we further conclude that any error in its admission was harmless. *See Prior v. State*, 647 S.W.2d 956, 960 (Tex. Crim. App. 1983) (holding that the erroneous admission of extraneous offense evidence was harmless where the evidence of guilt was overwhelming and where the jury received a limiting instruction). We overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 6, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 6, 2024**

**NO. 12-24-00100-CR**

**GENARO LEMUS CORTEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 413th District Court
of Johnson County, Texas (Tr.Ct.No. DC-F202300142)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*